IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HOLY CROSS HOSPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN ANESTHESIOLOGY | ) |
| SERVICES OF FLORIDA, INC., | ) |
| AMERICAN ANESTHESIOLOGY, | ) |
| INC., NMSC II, LLC and NORTH | ) |
| AMERICAN PARTNERS IN | ) |
| ANESTHESIA, L.L.P., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 0:24-cv-60315

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendants American Anesthesiology Services of Florida, Inc., American Anesthesiology, Inc., NMSC II, LLC, and North American Partners in Anesthesia, LLP (collectively, "Defendants") file the following answer and defenses to the claims asserted by Plaintiff Holy Cross Hospital, Inc. ("Plaintiff" or "Holy Cross") on February 26, 2024.

Defendant-Counterclaim Plaintiff Anesthesiology Services of Florida, Inc. (the "Group") also asserts the counterclaims below against Plaintiff for its blatant violation of the parties' Administrative and Clinical Services Agreement, as amended (the "Agreement"). The Group has made significant investments to assemble the team of anesthesiologists and certified registered nurse anesthetists ("CRNAs") ("Anesthesiologists" and "CRNAs" will be referred to collectively as the "Clinicians") who provide high-quality care to Plaintiff's patients under the Agreement. As part of the Agreement, Plaintiff and the Group mutually agreed that they would not take any action, directly or indirectly, to induce each other's employees to leave their employment. In direct violation of its contractual obligations, Plaintiff has taken actions to induce the Group's

anesthesiologists and CRNAs to cease their employment with the Defendants by extending employment offers to these individuals, and even encouraged these individuals to breach their noncompete agreement with the Group.  Although the Group demanded that Plaintiff immediately cease to breach the Agreement, Plaintiff has refused to comply with its contractual obligations.

In fact, upon information and belief, after this lawsuit was filed, Holy Cross went a step further when it engaged legal counsel for the individual Clinicians and encouraged the Clinicians to breach their individual noncompete agreements with the Group.  Upon information and belief, Holy Cross and the hired legal counsel has told the Clinicians to disregard their noncompete agreements, reassuring them that the instant litigation will settle.  Holy Cross has made these dubious representations in order to induce the Clinicians to leave the employ of the Group.  As a result, the Group asserts the counterclaims below.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### INTRODUCTION

1.      Defendants deny the allegations in this paragraph.

2.      Defendants admit that American Anesthesiology Services of Florida, LLC employs anesthesiologists and certified registered nurse anesthetists ("CRNAs") who have signed employment agreements that contain a variety of provisions, including ones addressing the ability to compete following termination of employment, but deny the remaining allegations in this paragraph.

3.      Defendants admit that clauses addressing competition and solicitation are common and have pro-competitive benefits, including the protection of patient relationships and trade secrets, but deny the remaining allegations in this paragraph.

4.      Defendants deny the allegations in this paragraph.

5.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

6.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

<u>**THE PARTIES**</u>

7.      Defendants admit that Plaintiff is a hospital located in Fort Lauderdale, Florida, but lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

8.      Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

9.      Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

10.      Defendants admit that American Anesthesiology Services of Florida, Inc. is a Florida corporation that maintains offices in Melville, New York, but deny the remaining allegations in this paragraph.

11.      Defendants deny the allegations in this paragraph.

12.      Defendants admit that NMSC II, LLC is the parent company of American Anesthesiology, Inc. and that NMSC II, LLC acquired the stock of American Anesthesiology, Inc. from MEDNAX Corporation.  Defendants deny the remaining allegations in this paragraph.

13.      Defendants admit that North American Partners in Anesthesia, LLP ("NAPA") is a New York professional limited liability partnership based in Melville, New York, and, except as so admitted, deny the remaining allegations in this paragraph, and state that the referenced website speaks for itself.

14.      Defendants deny the allegations in this paragraph.

15.     Defendants admit that the Agreement and each of the refenced amendments were executed, and, except as so admitted, aver that those documents speak for themselves, and deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

16.     This paragraph is a legal assertion to which no answer is required.

17.     This paragraph is a legal assertion to which no answer is required.

## TRADE AND COMMERCE

18.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

19.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

20.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## FACTUAL ALLEGATIONS

### The Role of Anesthesia Providers

21.     Defendants admit the allegations in this paragraph.

22.     Defendants admit the allegations in this paragraph.

23.     Defendants admit that anesthesiologists and CRNAs play important roles in the care of patients, but deny the remaining allegations in this paragraph.

24.     Defendants admit that anesthesiologists and CRNAs work together in a care team model, but deny the remaining allegations in this paragraph.

25.     Defendants admit that hospitals may obtain the services of anesthesiologists and CRNAs by employing them directly or by contracting with an independent group, but deny the remaining allegations in this paragraph.

26.     Defendants deny the allegations in this paragraph.

27.     Defendants admit that there is a shortage of anesthesia providers and that their presentations speak for themselves, but deny the remaining allegations in this paragraph.

28.     Defendants admit that additional training for anesthesiologists is required under certain circumstances, but deny the remaining allegations in this paragraph.

**Holy Cross Agreements with American Anesthesiology**

29.     Defendants admit the allegations in this paragraph.

**Defendants' Conduct**

30.     Defendants deny the allegations in this paragraph including its subparts.

31.     Defendants deny the allegations in this paragraph.

32.     Defendants admit that the amount paid by Plaintiff has changed over time and that Plaintiff owes money to American Anesthesiology Services of Florida, Inc. the subsidy under the Agreement, but deny the remaining allegations in this paragraph.

33.     Defendants deny the allegations in this paragraph.

34.     Defendants deny the allegations in this paragraph.

35.     Defendants deny the allegations in this paragraph.

36.     Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

37.     Defendants deny the allegations in this paragraph.

38.     Defendants deny the allegations in this paragraph.

39.     Defendants state that the Agreement speaks for itself, and denies the remaining allegations in Plaintiff's Complaint.

40.     Defendants deny the allegations in this paragraph.

41.     Defendants deny the allegations in this paragraph.

42.     Defendants deny the allegations in this paragraph.

<u>**The Effects of the Noncompetes and Nonsolicitation Clause**</u>

43.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

44.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

45.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

46.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

47.     Defendants admit that there is a shortage of anesthesia providers, but deny the remaining allegations in this paragraph.

48.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

49.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

50.     Defendants deny the allegations in this paragraph.

51.     Defendants deny the allegations in this paragraph.

52.     Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

53.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph.

55.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

**The Effect of Private Equity**

56.     Defendants admit that private equity firms have ownership interests in NAPA Management Services Corporation (which provides management services to NAPA), but deny the remaining allegations in this paragraph.

57.     Defendants deny the allegations in this paragraph.

**Holy Cross' Efforts to Improve Its Anesthesia Coverage**

58.     Defendants admit that Plaintiff gave notice of non-renewal on December 29, 2023, but deny the remaining allegations in this paragraph.

59.     Defendants deny the allegations in this paragraph.

60.     Defendants deny the allegations in this paragraph.

61.     Defendants deny the allegations in this paragraph.

62.     Defendants deny the allegations in this paragraph.

63.     Defendants deny the allegations in this paragraph.

64.     Defendants deny the allegations in this paragraph.

65.     Defendants deny the allegations in this paragraph.

**Holy Cross' Actions and the Need for Litigation**

66.     Defendants deny the allegations in this paragraph.

67.     Defendants deny the allegations in this paragraph.

68.     Defendants deny the allegations in this paragraph.

69.     Defendants deny the allegations in this paragraph.

## Relevant Antitrust Service Markets

## Hospital-Only Anesthesia Services

70.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

71.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

72.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

73.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

74.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

75.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

76.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

77.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

78.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

79.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

80.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

81.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

**Other Relevant Markets**

82.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

83.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

84.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

85.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

86.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

87.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

88.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

89.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

90.      This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## Relevant Geographic Market for Anesthesia

91.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

92.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

93.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

94.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

95.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

96.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

97.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## Relevant Antitrust Geographic Market for Surgeries and Heart Procedures

98.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

99.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## Market Power

100.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

101.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

102.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

103.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

**<u>Anticompetitive Effects in the Relevant Anesthesia Markets</u>**

104.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

105.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

106.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

107.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

108.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

109.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

110.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

111.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

112.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

113.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

### Anticompetitive Effects in the Relevant Surgery and Heart Procedure Markets

114.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

115.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

116.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

117.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

118.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

119.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

### Defendants' Noncompete Agreements and the Nonsolicitation Clause Do Not Provide Any Procompetitive Benefits and Do Not Serve a Reasonable Business Interest

120.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

121.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

122.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

123.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

124.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

125.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

126.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

127.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

**COUNT I**
**UNLAWFUL AGREEMENT IN VIOLATION OF**
**SHERMAN ACT § 1**
**Relevant Anesthesia Markets**

128.    This paragraph restates and realleges allegations from earlier paragraphs.  To the extent an answer is required, Defendants restate and reallege their answers from those earlier paragraphs.

129.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

130.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

131.    This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

132.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

133.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

**COUNT II**
**UNLAWFUL AGREEMENT IN VIOLATION OF**
**SHERMAN ACT § 1**
**Relevant Surgery and Cardiac Procedure Markets**

134.     This paragraph restates and realleges allegations from earlier paragraphs.  To the extent an answer is required, Defendants restate and reallege their answers from those earlier paragraphs.

135.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

136.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

137.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

138.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

**COUNT III**
**VIOLATION OF FLORIDA ANTITRUST ACT**

139.     This paragraph restates and realleges allegations from earlier paragraphs.  To the extent an answer is required, Defendants restate and reallege their answers from those earlier paragraphs.

140.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

141.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## COUNT IV
## REQUEST FOR DECLARATORY JUDGMENT UNDER FLORIDA LAW

142.     This paragraph restates and realleges allegations from earlier paragraphs.  To the extent an answer is required, Defendants restate and reallege their answers from those earlier paragraphs.

143.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

144.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## COUNT V
## BREACH OF CONTRACT

145.     This paragraph restates and realleges allegations from earlier paragraphs.  To the extent an answer is required, Defendants restate and reallege their answers from those earlier paragraphs.

146.     This paragraph is a legal assertion to which no answer is required.  To the extent an answer is required, Defendants deny the allegations in this paragraph.

## REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief that it seeks.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior material breach of the Administrative and Clinical Services Agreement, as amended.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by estoppel by contract, quasi-estoppel, and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, *in pari delicto*, and/or Plaintiff's own bad faith.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages, interest, attorneys' fees, or other expenses.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are subject to the doctrine of setoff or offset.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## TENTH AFFIRMATIVE DEFENSE

To the extent Defendants had any obligations to Plaintiff, such obligations have been performed fully, completely, properly and in good faith in all respects.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of frustration of purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification and/or Plaintiff has consented and/or acquiesced to the conduct about which it complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was reasonable and justified.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has failed to define a legally cognizable relevant market.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries and damages alleged by Plaintiff do not constitute legally cognizable antitrust injuries within a properly defined relevant antitrust market.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct about which Plaintiff complains is supported by procompetitive justifications and produces procompetitive benefits that outweigh any anticompetitive effects.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## NINETEENTH AFFIRMATIVE DEFENSE

Each count of Plaintiff's Complaint against Defendants is barred by the applicable statute of limitations to the extent any of the actions complained of against Defendants occurred outside of applicable specific statutes of limitations for each count.

## TWENTIETH DEFENSE

This Court lacks personal jurisdiction over Defendant North American Partners in Anesthesia, L.L.P.

Defendants intend to add and rely upon such other and further defenses as may become apparent during the discovery of this action and reserve the right to amend this answer to assert such defenses.

## <u>COUNTERCLAIMS</u>

Defendant/Counterclaim Plaintiff, American Anesthesiology Services of Florida, Inc. (the "Group") hereby asserts the following counterclaims against Plaintiff/Counterclaim Defendant Holy Cross Hospital, Inc. ("Holy Cross" or "Hospital").

1.      This action arises from Holy Cross's flagrant and material breach of the Agreement, which clearly and unequivocally prohibits Holy Cross from directly or indirectly taking any action to induce any employee to cease his or her employment with the Group.  Yet, despite its contractual obligations, that is exactly what Holy Cross has done – in a deliberately public fashion in an attempt to disparage and damage Defendants.  In particular, Holy Cross has met with all of the Group's anesthesiologists and CRNAs (collectively, the "Clinicians") in an effort to recruit them; Holy Cross has sent written offers of employment to all of the Clinicians; and upon information and belief, after this lawsuit was filed, Holy Cross engaged legal counsel for the individual Clinicians to encourage them to breach their individual noncompete agreements with the Group.

Holy Cross's unlawful actions, in conjunction with the significant media attention that this lawsuit has garnered,[1] have caused actual and consequential damages that support the issuance of legal and equitable relief from this Court.

## THE PARTIES

2.      The Group is a Florida professional corporation that has its headquarters in Melville, New York.

3.      Holy Cross is a faith-based, nonprofit, tax exempt corporation organized under and by virtue of the laws of Florida and is headquartered in Ft. Lauderdale, Florida.

## FACTUAL ALLEGATIONS

### The Parties' Agreement

4.      Effective May 1, 2021, the Group and Holy Cross entered into the original Administrative and Clinical Services Agreement ("Original Agreement").   The Original Agreement established an exclusive services arrangement between Holy Cross and the Group for the provision of anesthesiology services for Holy Cross's patients.

5.      Pursuant to Section X.A. of the Original Agreement, the parties agreed that the agreement would remain in effect for two years—until April 30, 2023. The Original Agreement further stated that, at the end of the term, the parties may, by mutual written agreement, agree to extend the Original Agreement for a period of no more than one year.

6.      Among other things, the Original Agreement also contained a provision in Section XI.C. that protected the significant time, effort, and investment made by the Group to assemble its team of clinicians:

---

[1] *See,* *e.g.,* https://www.beckersasc.com/anesthesia/anesthesia-provider-sued-over-noncompete-clauses.html

> During the Term of this Agreement and for one (1) year thereafter, Hospital **will not directly or indirectly**, whether as an individual, advisor, employee, agent, or otherwise **take any action to induce any employee to cease his or her employment or engagement with Group**.

7.      The Original Agreement also contained a reciprocal provision in Section XI.C (the two provisions cited in paragraphs 6 and 7 are collectively referred to as the "Non-Solicitation Clause"), that protected the significant time, effort, and investment made by Holy Cross to assemble its team of employees:

> During the term of this Agreement and for one (1) year thereafter, Group **will not directly or indirectly**, whether as an individual, advisor, employee, agent, or otherwise **take any action to induce any employee to cease his or her employment or engagement with Hospital**.

8.      Importantly, the Non-Solicitation Clause was not altered or modified over the past three years, despite the multiple amendments that the parties – both sophisticated and assisted by counsel – have negotiated and executed.  If Holy Cross believed that the Non-Solicitation Clause was unenforceable, it had every opportunity to require that it be struck during the numerous negotiations between the parties over the years; but, of course, Holy Cross did not do so since the Non-Solicitation Clause also benefitted Holy Cross because it is mutual and also binding on the Group.

9.      Effective April 24, 2023, the Group and Holy Cross entered into an Amendment to Administrative and Clinical Services Agreement ("First Amendment").  Among other things, Section 2 of the First Amendment amended Section X.A. of the Original Agreement to extend the agreement's term until July 31, 2023. At the end of the term, the First Amendment still allowed the parties to extend the Original Agreement for a period of no more than one year upon mutual written agreement. Accordingly, absent notice of termination from one of the parties, the Agreement would continue until July 31, 2023.

20

10.     Following execution of the First Amendment, the Group and Holy Cross signed the Second Amendment to Administrative and Clinical Services Agreement ("Second Amendment") that, among other things, extended the Agreement's term until August 31, 2023. The effective date of the Second Amendment is July 28, 2023.

11.     Following execution of the Second Amendment, the Group and Holy Cross signed the Third Amendment to the Administrative and Clinical Services Agreement ("Third Amendment"), effective August 31, 2023, which extended the Agreement's term until December 31, 2023.

12.      Finally, the Group and Holy Cross signed the Fourth Amendment to the Administrative and Clinical Services Agreement ("Fourth Amendment"), effective December 14, 2023, which extended the Agreement's term until 11:59 PM on June 30, 2024. This extension means that the mutual Non-Solicitation Clause in the Agreement extends until 11:59 PM on June 30, 2025. The Original Agreement, First Amendment, Second Amendment, Third Amendment, and Fourth Amendment, are collectively referred to as the "Agreement".

<u>Holy Cross's Breaches of the Agreement</u>

13.     On December 29, 2023, Holy Cross provided the Group with a Notice of Non-Renewal of the Agreement with an effective date of July 1, 2024.

14.     On February 26, 2024, Holy Cross issued an email to its medical staff referencing a dispute with the Group, which included the following statement: "Holy Cross has decided to offer employment to NAPA's anesthesia providers."  In that same message, Holy Cross indicated that it was suing for alleged violations of federal and state antitrust law.  Holy Cross filed this lawsuit on the same day as its February 26 email.

15.     On or about February 26, 2024, Holy Cross also delivered offer letters to the Clinicians that annexed Holy Cross's compensation policy, benefits guide, professional expense reimbursement policy, paid time off policy, and proposed employment agreement.  These actions by Holy Cross were direct and blatant violations of the Agreement and its mutual Non-Solicitation Clause.

16.     On March 1, 2024, shortly after receiving information about Holy Cross's February 26 email and offer letters, the Group delivered a cease and desist letter to Holy Cross demanding that it immediately refrain from any further actions to induce – directly or indirectly – any Group clinician to cease or terminate his or her employment in violation of the Agreement.

17.     Despite receiving the cease and desist letter, Holy Cross has not rescinded the offers of employment to the Group's employees or otherwise cured its breaches of the Agreement.  In fact, Holy Cross doubled down on the unlawful activity.

18.     Upon information and belief, Holy Cross hired counsel for the Clinicians to encourage them to breach their individual noncompete agreements with the Group, reassuring them that this litigation will "settle," and that the Group will not enforce the noncompete agreements.

19.     Holy Cross continues its conduct of regularly meeting and soliciting the Clinicians in hopes to poach them from the Group.

## CAUSES OF ACTION

### First Claim for Relief – Breach of Contract

20.     The foregoing paragraphs are incorporated by reference as though fully set forth herein.

21.     The Group has performed all of its obligations under the Agreement, a valid contract, and all conditions precedent to Holy Cross's required performance under the Agreement have been performed, will be performed, or have been waived.

22.     The Agreement requires Holy Cross to refrain from directly or indirectly taking any action to induce any employee of the Group to cease his or her employment with the Group.  This includes, but is not limited to, the obligation that Holy Cross refrain from making offers of employment to any anesthesiologist or CRNA employed by the Group and from taking any further action with respect to any offer of employment extended on or after February 26, 2024, to any anesthesiologist or CRNA employed by the Group.

23.     Holy Cross has materially breached the Agreement by directly or indirectly taking actions to induce employees of the Group to cease their employment with the Group.

24.     The Group has incurred actual and consequential damages, some of which are irreparable, because of Holy Cross's material breaches of the Agreement.  The Group therefore seeks all remedies to which they may be entitled, including (but not limited to) actual damages, consequential damages, and attorneys' fees and costs.

**Second Claim for Relief – Tortious Interference With Business Relationship**

25.     The foregoing paragraphs are incorporated by reference as though fully set forth herein.

26.     The Group has a business relationship with its Clinicians, who have entered into contracts with the Group to provide anesthesiology services on behalf of the Group.

27.     Plaintiff has knowledge of the business relationship between the Group and its Clinicians, as the Clinicians perform anesthesiology services at Holy Cross pursuant to the Agreement between the Group and Plaintiff.

28.     Despite Plaintiff's knowledge of this business relationship, Plaintiff has actively tried to poach the Clinicians from the Group, with full knowledge of the Non-Solicitation Clause in place between Plaintiff and the Group, and the noncompete agreements between the Group and the Clinicians.

29.     In addition, upon information and belief, after this lawsuit was filed, Holy Cross engaged legal counsel for the individual Clinicians and encouraged the Clinicians to breach their individual noncompete agreements with the Group by representing to them that their noncompete agreements would not be upheld, and that the instant litigation will settle.  Holy Cross has made these dubious representations in order to induce the Clinicians to leave the employ of the Group.

30.     The actions of Plaintiff described in Paragraphs 26-29 constitute an intentional and unjustified interference with the business relationship between the Group and its Clinicians.

31.     Furthermore, the Group has incurred actual and consequential damages, some of which are irreparable, because of Holy Cross's tortious interference with the business relationship between the Group and its Clinicians.  The Group therefore seeks all remedies to which they may be entitled, including (but not limited to) actual damages, consequential damages, and attorneys' fees and costs.

### **REQUEST FOR RELIEF**

Defendant/Counterclaim Plaintiff, the Group, respectfully pray that the Court: (a) render judgment in the Group's favor on its counterclaims; (b) award the Group all actual and consequential damages, attorneys' fees, and costs of court to which they are entitled; and (c) grant the Defendants all other and further relief, at law and in equity, to which they may be justly entitled

### **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues so triable.

Dated: March 25, 2024.

Respectfully submitted,

By:  _s/ Jennifer Lada_
Jennifer Lada, Esq.
Florida Bar No. 119247
W. Scott O'Connell, Esq.
*Pending Pro Hac Admission*
Marc L. Antonecchia, Esq.
*Pending Pro Hac Admission*
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: 212.513.3200
*jennifer.lada@hklaw.com*
*scott.oconnell@hklaw.com*
*marc.antonecchia@hklaw.com*

William M. Katz, Jr., Esq.
*Pending Pro Hac Admission*
HOLLAND & KNIGHT LLP
One Arts Plaza, 1722 Routh Street
Dallas, TX 75201
Telephone: 214.969.1330
*william.katz@hklaw.com*

Taariq M. Lewis, Esq.
Florida Bar No. 1031385
HOLLAND & KNIGHT, LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
*taariq.lewis@hklaw.com*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on this 25th day of March, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

_s/ Jennifer Lada_
Jennifer Lada

#244230556_v2