IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HOLY CROSS HOSPITAL, INC.,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>AMERICAN ANESTHESIOLOGY OF SERVICES OF FLORIDA, INC., AMERICAN ANESTHESIOLOGY, INC., NMSC II, LLC and NORTH AMERICAN PARTNERS IN ANESTHESIA, L.L.P.,<br><br>    Defendants/Counterclaim-Plaintiffs.<br><br>AMERICAN ANESTHESIOLOGY OF SERVICES OF FLORIDA, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>HOLY CROSS HOSPITAL, INC.,<br><br>    Counterclaim-Defendant. | Civil Action No.: 0:24-cv-60315-AHS |

## HOLY CROSS' MOTION TO DISMISS COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 1 and 12(b)(1), (b)(2), and (b)(6), Plaintiff/Counterclaim-Defendant Holy Cross Hospital, Inc. ("Holy Cross") moves to dismiss Defendant/Counterclaim-Plaintiff American Anesthesiology of Florida, Inc.'s ("American Anesthesiology") Counterclaim (ECF No. 19).

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

Table of Authorities ...................................................................................................................... ii

MEMORANDUM OF LAW ......................................................................................................... 1

I.      INTRODUCTION ............................................................................................................. 1

II.     ALLEGATIONS ................................................................................................................ 1

III.    THE COUNTERCLAIMS SHOULD BE DISMISSED ..................................................... 2

        A.     Legal Standard for Motion To Dismiss ................................................................. 3

        B.     The Breach of Contract Claim Should Be Dismissed ............................................ 3

        C.     American Anesthesiology's Tortious Interference Claim Should Be Dismissed ................................................................................................................ 5

IV.    CONCLUSION .................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ADT LLC v. Vivant Smart Home, Inc.*,
 No. 20-23391-CIV, 2021 WL 4478932 (S.D. Fla. Sept. 30, 2021) ............................................8

*Am. United Life Ins. Co. v. Martinez*,
 480 F.3d 1043 (11th Cir. 2007) ................................................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..................................................................................................................3

*Beck v. Lazard Freres & Co., LLC*,
 175 F.3d 913 (11th Cir. 1999) ..................................................................................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................................................3

*Big Ligas, LLC v. Yu*,
 No. 20-23719-CIV, 2021 WL 1518993 (S.D. Fla. Apr. 16, 2021) ...........................................7

*Blue-Grace Logistics LLC v. Fahey*,
 653 F.Supp.3d 1172 (M.D. Fla. 2023) ......................................................................................4

*Bryan Media, Inc. v. City of St. Petersburg*,
 No. 8:05-CV-291-T-MSS, 2006 WL 8440094 (M.D. Fla. Dec. 11, 2006),
 *aff'd,* 293 F. App'x 717 (11th Cir. 2008) ..................................................................................6

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC*,
 No. 13-21297-CIV, 2014 WL 11880856 (S.D. Fla. Jan. 3, 2014) ............................................3

*Calderon v. Sixt Rent a Car, LLC*,
 2020 WL 700381 (S.D. Fla. Feb. 12, 2020) .............................................................................1

*Columna, Inc. v. Aetna Health, Inc.*,
 No. 19-80522-CIV, 2019 WL 4345675 (S.D. Fla. Sept. 12, 2019) ..........................................7

*Concierge Servs., Inc. v. Flagler Holdings VI Beta Inc.*,
 No. 21-20746-CIV, 2021 WL 3934225 (S.D. Fla. May 27, 2021) ...........................................7

*Duty Free Americas, Inc. v. Estee Lauder Cos.*,
 797 F.3d 1248 (11th Cir. 2015) ................................................................................................6

*Ebbeskov Jankovic, LLC v. Johansen*,
 No. 21-cv-62410, 2022 WL 3681930 (S.D. Fla. May 6, 2022) ................................................4

*Grandis v. BGIS Global Integrated Solutions US LCC*,
    643 F. Supp. 3d 1340 (S.D. Fla. 2022) ...................................................................................2

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984).................................................................................................................3

*Hvide v. Holt Fin. Ltd.*,
    No. 20-22266-CIV, 2021 WL 8154846 (S.D. Fla. Sept. 13, 2021)........................................7

*Ingenuity, Inc. v. Linshell Innovations Ltd.*,
    No. 6:11-CV-93-ORL28KRS, 2014 WL 1230695 (M.D. Fla. Mar. 25, 2014),
    *aff'd*, 644 F. App'x 913 (11th Cir. 2016)................................................................................6

*Int'l Sales & Serv., Inc. v. Austral Insulated Prods. Inc.*,
    262 F.3d 1152 (11th Cir. 2001) .............................................................................................5

*Palm Beach Cnty. Health Care Dist. v. Pro. Med. Educ., Inc.*,
    13 So. 3d 1090 (Fla. 4th DCA 2009).....................................................................................6

*Rauch, Weaver, Norfleet, Kurtz & Co. v. AJP Pine Island Warehouses, Inc.*,
    313 So. 3d 625 (Fla. 4th DCA 2021) .....................................................................................4

*Textile USA, Inc. v. Diageo North Am., Inc.*,
    No. 15-24309-CIV, 2017 WL 10187642 (S.D. Fla. July 31, 2017) .......................................7

*U.S. Alliance Management Corp. v. Airbus Americas Customer Servs., Inc.*,
    No. 19-cv-24066, 2020 WL 13613823 (S.D. Fla. Jan. 30, 2020)...........................................5

*White v. Mederi Caretenders Visiting Servs. of Se. Fla., LLC*,
    226 So. 3d 774 (Fla. 2017).....................................................................................................4

**STATUTES**

Fla. Stat. § 542.335(1)(b)..............................................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 2, 3

**MEMORANDUM OF LAW**

I. **INTRODUCTION**

The Counterclaims of Defendants/Counterclaim-Plaintiff American Anesthesiology of Florida, Inc. ("American Anesthesiology") should be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(6). The breach of contract claim is based on allegations that Holy Cross Hospital breached a non-solicitation clause in its contract with American Anesthesiology. This claim fails because the American Anesthesiology has not alleged a legitimate business interest, which is necessary in order to make the non-solicitation clause enforceable. American Anesthesiology's tortious interference with business relationship claim fails because it does not adequately plead that Holy Cross acted without justification.[1] Both claims therefore fail to state a claim as a matter of law.

II. **ALLEGATIONS**

Holy Cross and American Anesthesiology entered into an Administrative and Clinical Services Agreement, which was effective May 1, 2021 (the "Agreement"). The Agreement established an exclusive services arrangement between Holy Cross and American Anesthesiology for the provision of anesthesiology services for Holy Cross's patients. (ECF 19, Counterclaims, ¶4.) The Agreement's original term expired on April 30, 2023, which could be renewed for a year by mutual written agreement. (*Id.* ¶5.) Via multiple amendments, the Agreement term was extended to June 30, 2024. (*Id.* ¶¶9-12.)

Pursuant to the Agreement, American Anesthesiology agreed to provide qualified physicians and certified registered nurse anesthetists ("CRNAs"). (Exhibit A, Administrative and

---

[1] Although Holy Cross disputes certain allegations contained in the Counterclaims, these facts are taken as true solely for purposes of this motion to dismiss. *See Calderon v. Sixt Rent a Car, LLC*, 2020 WL 700381, at *1 n.1 (S.D. Fla. Feb. 12, 2020).

1

Clinical Services Agreement, at p. 8.)[2] Holy Cross also agreed to pay an annual amount "[i]n consideration for the staffing and provision of Anesthesia Services[.]" (*Id.* at p. 8.)

The Agreement also included a non-solicitation clause, Section XI.C (the "Non-Solicitation Clause"), that states:

> During the Term of this Agreement and for one (1) year thereafter, Hospital will not directly or indirectly, whether as an individual, advisor, employee, agent, or otherwise take any action to induce any employee to cease his or her employment or engagement with Group.

(Exhibit A, Administrative and Clinical Services Agreement, at p. 17; ECF 19, Counterclaims, ¶6). The Non-Solicitation Clause was not altered or modified over the past three years. (ECF 19, Counterclaims ¶8.)

On December 29, 2023, Holy Cross informed American Anesthesiology that it would not renew the Agreement. (ECF 19, Counterclaims, ¶13.) On February 26, 2024, Holy Cross announced to its medical staff via email its intention "to offer employment to NAPA's anesthesia providers," delivered offer letters to American Anesthesiology's anesthesiologists and CRNAs, and filed its complaint. (*Id.* ¶¶14-15.)

## III. THE COUNTERCLAIMS SHOULD BE DISMISSED

American Anesthesiology's claims should be dismissed. First, the breach of contract claim fails because American Anesthesiology has not pled or otherwise demonstrated that there is a legitimate business interest in enforcing the Non-Solicitation Clause. Second, the tortious

---

[2] This Court may consider the Agreement in the context of this Rule 12(b)(6) motion because it is referenced in the Counterclaims and central to American Anesthesiology's claims, and the authenticity of the documents is not challenged. *See Grandis v. BGIS Global Integrated Solutions US LCC*, 643 F. Supp. 3d 1340, 1344 (S.D. Fla. 2022).

interference claim fails because American Anesthesiology has not adequately pled that Holy Cross unjustifiably interfered with American Anesthesiology's business relationship.

  **A.** **Legal Standard for Motion To Dismiss**

To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must review the complaint in the light most favorable to the plaintiff and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, No. 13-21297-CIV, 2014 WL 11880856, at *2 (S.D. Fla. Jan. 3, 2014).

  **B.** **The Breach of Contract Claim Should Be Dismissed**

American Anesthesiology cannot satisfy the requisite elements of a breach of contract claim. To succeed on a breach of contract claim under Florida law,[3] a plaintiff must show: (1) a valid contract, (2) a material breach, and (3) damages. *See Beck v. Lazard Freres & Co., LLC*, 175

---

[3] The Agreement specifies that it is governed by the laws of Florida (*see* Exhibit A, Administrative and Clinical Services Agreement, at p. 25), and the conduct alleged in American Anesthesiology's claims occurred in Florida.

F.3d 913, 914 (11th Cir. 1999). "Restrictive covenants are generally unenforceable under Florida law as restraints on trade." *Blue-Grace Logistics LLC v. Fahey*, 653 F.Supp.3d 1172, 1178 (M.D. Fla. 2023) (citing Fla. Stat. § 542.18: "Every contract, combination, or conspiracy in restraint of trade or commerce in this state is unlawful."). Indeed, "covenants 'whose sole purpose is to prevent competition per se' " are "void against public policy." *White v. Mederi Caretenders Visiting Servs. of Se. Fla., LLC*, 226 So. 3d 774, 785 (Fla. 2017).

Under Florida law, "[w]hen a breach-of-contract action is based upon enforcement of a restrictive covenant, . . . the plaintiff must plead and prove additional elements in order to establish that the restrictive covenant is a valid restraint of trade." *Rauch, Weaver, Norfleet, Kurtz & Co. v. AJP Pine Island Warehouses, Inc.*, 313 So. 3d 625, 630 (Fla. 4th DCA 2021) (citing Fla. Stat. § 542.335 (2014)). Particularly, to be enforceable, a restrictive covenant must "plead and prove" (1) the existence of one or more legitimate business interests justifying the restrictive covenant, and (2) that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction. *Id.* (citing Fla. Stat. § 542.335(1)(a)-(c)). "Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable." Fla. Stat. § 542.335(1)(b). Without a legitimate business interest, what the Counterclaims call "poaching" is better characterized as free competition.

American Anesthesiology fails to plead these elements. Notably, American Anesthesiology fail to allege any legitimate business interest that it seeks to protect via the Non-Solicitation Clause, or that the contractually specified restraint is reasonably necessary to protect any legitimate business interest.

Courts have granted motions to dismiss under similar circumstances. For example, in *Ebbeskov Jankovic, LLC v. Johansen*, No. 21-cv-62410, 2022 WL 3681930, at *2 (S.D. Fla. May

4

6, 2022), this Court dismissed a plaintiff's breach of contract claim for these reasons. *See also U.S. Alliance Management Corp. v. Airbus Americas Customer Servs., Inc.*, No. 19-cv-24066, 2020 WL 13613823, at *5 (S.D. Fla. Jan. 30, 2020) (granting motion to dismiss amended complaint in which plaintiff failed to plead the existence of legitimate business interest justifying the restrictive covenant). American Anesthesiology's breach of contract claim should similarly be dismissed.

### C. American Anesthesiology's Tortious Interference Claim Should Be Dismissed

American Anesthesiology also cannot satisfy the requisite elements of a claim that Holy Cross tortiously interfered with a business relationship. "Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Int'l Sales & Serv., Inc. v. Austral Insulated Prods. Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) (citing *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)).

American Anesthesiology cannot adequately plead that Holy Cross unjustifiably interfered with its business relationship with the clinicians. American Anesthesiology alleges that Holy Cross has "actively tried to poach" the clinicians with knowledge of the Non-Solicitation Clause and encouraged the clinicians to breach their individual noncompete agreements ((ECF 19, Counterclaims ¶¶28-29). However as described above, American Anesthesiology has not adequately pled that any legitimate business interest justifies the restrictive covenant, and it is therefore not enforceable. Therefore, American Anesthesiology cannot demonstrate that Holy Cross's actions are unjustified.

A determination as to whether a party acted without justification is a "fact-intensive inquiry that requires 'an examination of the defendant's conduct, its motive, and the interests it sought to

5

advance.'" *Duty Free Americas, Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1279 (11th Cir. 2015) (quoting *Sec. Title Guarantee Corp. of Balt. v. McDill Columbus Corp.*, 543 So. 2d 852, 855 (Fla. 2d DCA 1989)). Some courts have stated that the interference must be maliciously motivated. *See, e.g., Ingenuity, Inc. v. Linshell Innovations Ltd.,* No. 6:11-CV-93-ORL28KRS, 2014 WL 1230695, at *4 (M.D. Fla. Mar. 25, 2014) ("the existence of malice is key to the tort of tortious interference with a business relationship"), *aff'd*, 644 F. App'x 913 (11th Cir. 2016); *Bryan Media, Inc. v. City of St. Petersburg*, No. 8:05-CV-291-T-MSS, 2006 WL 8440094, at *10 (M.D. Fla. Dec. 11, 2006) ("The plaintiff must prove that the defendant's interference was maliciously motivated."), *aff'd,* 293 F. App'x 717 (11th Cir. 2008). American Anesthesiology's allegations do not come close to alleging facts that any interference by Holy Cross was maliciously motivated or otherwise without justification.

Moreover, "[f]or interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Palm Beach Cnty. Health Care Dist. v. Pro. Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (citing *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999)). "A defendant is not a 'stranger' to a business relationship if the defendant 'has any beneficial or economic interest in, or control over, that relationship.' " *Id.* at 1094 (citing *Nimbus Tech., Inc. v. SunnData Prods., Inc.*, 484 F.3d 1305, 1309 (11th Cir. 2007)).

Here, American Anesthesiology's own allegations demonstrate that Holy Cross is not a "stranger" to American Anesthesiology's business relationship with the clinicians but an interested party. Indeed, American Anesthesiology alleges that: (1) it has a business relationship with the clinicians (ECF 19, Counterclaims ¶27); and (2) the clinicians perform anesthesiology services at Holy Cross "pursuant to the Agreement between [American Anesthesiology] and [Holy Cross]"

6

(*id.*). Holy Cross clearly has an economic interest in the relationship with the clinicians who perform anesthesiology services at its hospital pursuant to the Agreement with American Anesthesiology. Efforts to employ them are certainly not unjustified.

Many decisions have dismissed tortious interference claims for these reasons. *See, e.g.*, *Hvide v. Holt Fin. Ltd.,* No. 20-22266-CIV, 2021 WL 8154846, at *14 (S.D. Fla. Sept. 13, 2021) (dismissing tortious interference with business relationship claim where parties were acting as agents of the contracting parties and had a supervisory interest); *Concierge Servs., Inc. v. Flagler Holdings VI Beta Inc.*, No. 21-20746-CIV, 2021 WL 3934225, at *4 (S.D. Fla. May 27, 2021) (dismissing tortious interference with business relationship claim where defendant had "a financial interest" in plaintiff's contract with airlines); *Big Ligas, LLC v. Yu*, No. 20-23719-CIV, 2021 WL 1518993, at *4 (S.D. Fla. Apr. 16, 2021) (dismissing tortious interference with business relationship claim because economic interests were intertwined with plaintiff and actions were simply "freedom of contract"); *Columna, Inc. v. Aetna Health, Inc.,* No. 19-80522-CIV, 2019 WL 4345675, at *6 (S.D. Fla. Sept. 12, 2019) (dismissing tortious interference claim because defendant was not a stranger to the business relationship).[4]

Nor does American Anesthesiology's allegation that Holy Cross made unspecified "dubious representations" in order to induce the clinicians to leave American Anesthesiology's employment come close to supporting a claim of improper action. ECF No. 19, ¶29 of Counterclaim. To adequately state such a claim of disparagement, American Anesthesiology must allege: (1) a falsehood; (2) has been published, or communicated to a third person; (3) when the

---

[4] American Anesthesiology has not alleged facts indicating that Holy Cross has engaged in the types of improper methods of interference for which interested parties may still be liable. *See, e.g., Textile USA, Inc. v. Diageo North Am., Inc.*, No. 15-24309-CIV, 2017 WL 10187642 at *4 (S.D. Fla. July 31, 2017) ("Interested parties may still be liable, however, if they use improper methods of interference, such as physical violence, misrepresentations and illegal conduct.").

7

defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff; (4) the falsehood plays a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages are proximately caused as a result of the published falsehood. *See ADT LLC v. Vivant Smart Home, Inc.*, No. 20-23391-CIV, 2021 WL 4478932, at *2 (S.D. Fla. Sept. 30, 2021). Counterclaim Plaintiff does not allege any of these elements, including any falsehood, how any disparagement induced others not to deal with it, or any special damages caused as a result of a published falsehood.

## IV. CONCLUSION

For the reasons explained above, the Counterclaims should be dismissed in their entirety for failure to state a claim.

| Dated: April 15, 2024 | /s/ *Peter R. Goldman* |
|---|---|
| | Peter R. Goldman (FL Bar No. 86056) |
| | Danna Khawam (FL Bar No. 1025114) |
| | Nelson Mullins Riley & Scarborough LLP |
| | 100 S.E. 3rd Ave., Suite 2700 |
| | Fort Lauderdale, FL 33394 |
| | (954) 745-5239 (p) |
| | (954) 761-8135 (f) |
| | peter.goldman@nelsonmullins.com |
| | danna.khawam@nelsonmullins.com |
| | |
| | /s/ *David A. Ettinger* (with permission) |
| | David A. Ettinger (P26537) (admitted pro hac) |
| | Benjamin VanderWerp (P84614) (admitted pro hac) |
| | Honigman LLP |
| | 2290 First National Building |
| | 660 Woodward Avenue |
| | Detroit, MI 48226 |
| | (313) 465-7368 (p) |
| | (313) 465-7369 (f) |
| | dettinger@honigman.com |
| | bvanderwerp@honigman.com |
| | |
| | *Attorneys for Plaintiff* |

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Peter R. Goldman*
Peter R. Goldman