# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 0:24-cv-60315-Leibowitz/Strauss**

| | |
|---|---|
| HOLY CROSS HOSPITAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN ANESTHESIOLOGY SERVICES OF FLORIDA, INC., AMERICAN ANESTHESIOLOGY, INC., NMSC II, LLC and NORTH AMERICAN PARTNERS IN ANESTHESIA, L.L.P., | ) |
| | ) |
| Defendants. | ) |

**AMERICAN ANESTHESIOLOGY SERVICES OF FLORIDA, INC., AMERICAN ANESTHESIOLOGY, INC., NMSC II, LLC, AND NORTH AMERICAN PARTNERS IN ANESTHESIA, L.L.P.'S REPLY IN SUPPORT OF MOTION TO DISMISS HOLY CROSS HOSPITAL, INC.'S ANTITRUST CLAIMS FOR MONETARY DAMAGES**

The Court should grant NAPA's[1] motion to dismiss ("Motion"), which explains why Holy Cross Hospital, Inc. ("Holy Cross") cannot satisfy the traceability and redressability elements required to have standing to recover monetary damages on Holy Cross's antitrust claims. Holy Cross's response does not establish standing for two reasons.

*First*, although standing must be analyzed separately for each claim of relief, Holy Cross's response mixes and matches its claims for relief while incorrectly arguing that Holy Cross has standing to recover monetary damages on its antitrust claims. Holy Cross cannot rely on injuries allegedly arising from its breach of contract claim—or claims that it has not even asserted—to establish standing to recover monetary damages on its antitrust claims. Standing is assessed specifically, not holistically, and the Court should reject Holy Cross's hodgepodge approach to standing.

*Second*, Holy Cross cannot rely on merits arguments to manufacture standing to recover monetary damages on its antitrust claims. Standing is a distinct requirement separate from the merits of Holy Cross's claims, but Holy Cross devotes much of its response to arguing the merits of its claims or of claims (like tying) that it is not even asserting in this lawsuit. The Court should reject Holy Cross's merits-based approach to standing and grant NAPA's Motion.

**A.      Holy Cross has not established standing to seek each form of relief it seeks for its antitrust claims.**

Holy Cross has not shown that is has standing to seek each form of relief sought for its antitrust claims. In this regard, the United States Supreme Court has confirmed that "standing is not dispensed in gross." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). Instead, "a plaintiff must demonstrate standing ***for each claim he seeks to press*** and ***for each form***

---

[1] NAPA refers collectively to American Anesthesiology Services of Florida, Inc. (the "Group"), American Anesthesiology, Inc., NMSC II, LLC, and North American Partners in Anesthesia, L.L.P.

*of relief that is sought*." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (cleaned up) (emphasis added) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)); *see Waterblasting, LLC v. Easy-Kleen Pressure Sys., LTD*, No. 22-14298-CIV, 2023 WL 3778268, at *3 (S.D. Fla. Apr. 11, 2023) ("Because standing is not dispensed in gross, a plaintiff must show standing for each asserted claim and each form of relief sought." (citations omitted)). Simply put, a plaintiff cannot mix and match its injuries and claims to manufacture standing.

Yet, Holy Cross does just that. For example, Holy Cross argues that "excessive use of locum tenens providers was one of the deficiencies in [the Group]'s actions under the Agreement."[2] Resp. 11. But damages for NAPA's alleged "staffing failures" under the parties' Agreement are a form of relief for Holy Cross's breach of contract claim, not its antitrust claims. *See* First Amended Complaint ("FAC") ¶ 150 (arguing that NAPA's "staffing failures … constitute breaches of … the Agreement"). NAPA's Motion does not challenge Holy Cross's standing to assert its breach of contract claim. NAPA has challenged only Holy Cross's standing to recover monetary damages on its state and federal antitrust claims. Accordingly, damages sought pursuant to Holy Cross' breach of contract claim do not create standing for Holy Cross's antitrust claims. *See Town of Chester*, 581 U.S. at 439. Instead, Holy Cross must establish "a causal connection between [costs associated with the excessive use of locum tenens providers] and [the Covenants]." *Lujan*, 504 U.S. at 560. This it cannot do.

As explained in the Motion, Holy Cross's alleged damages for its antitrust claims arise from the Agreement's payment provisions—to which Holy Cross agreed—and not the Non-Solicitation Provision or Non-Compete Provision. *See* Agreement § III.D (ECF No. 37-1 at 9); First Amendment § 4; Second Amendment § 3 (ECF No. 37-1 at 64); Third Amendment § 3 (ECF

---

[2] Capitalized terms that are not defined herein shall have the definition provided in the Motion.

No. 37-1 at 66); Fourth Amendment § 3 (ECF No. 37-1 at 68). The use of locum tenens is specifically addressed in the parties' Agreement, and Holy Cross agreed to pay for the costs that it is now seeking to recover as antitrust damages. Fourth Amendment § 4 (ECF No. 37-1 at 68).

Indeed, Holy Cross's status as a party to the Agreement that contains the Non-Solicitation Provision prevents Holy Cross from relying on the Agreement for any alleged injury supporting its antitrust claims. *See Patt v. Antech Diagnostics, Inc.*, 2020 WL 5076970, at *4 (C.D. Cal. May 18, 2020) (rejecting the argument that a party can bring a Section 1 claim based on agreement to which it is a party); *see also Swann v. Sec'y, Georgia*, 668 F.3d 1285, 1288 (11th Cir. 2012) ("[A] controversy is not justiciable when a plaintiff independently caused his own injury.").

And, finally, neither the Non-Solicitation Provision nor the Non-Compete Provision have prevented Holy Cross from hiring NAPA's clinicians, thereby disproving any injury from those contractual provisions. *See* FAC ¶ 67 (alleging that "Holy Cross therefore offered employment to the anesthesia providers working at its hospitals, effective on expiration of the Agreement on July 1, 2024"); *id.* ¶ 68 ("Many of American Anesthesiology's providers have agreed to become employed by Holy Cross … .").

In sum, Holy Cross's alleged antitrust damages arise from the Agreement to which it is a party. Holy Cross's antitrust damages are thus not traceable to the Non-Solicitation Provision or the Non-Compete Provision, and invalidating those provisions would not impact what Holy Cross agreed to pay NAPA under the Agreement.

**B.  The Court should reject Holy Cross's attempt to create standing by addressing the merits of its claims or claims it does actually not assert in this lawsuit.**

Recognizing that it lacks standing to obtain monetary damages on its antitrust claims, Holy Cross devotes much of its response to merits arguments that are irrelevant to the Court's constitutional standing analysis.

*First*, Holy Cross relies on *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 135 (1968), *overruled on other grounds by Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752 (1984), which addresses the merits-based defense of *in pari delicto*, not the constitutional standing issues presented in the Motion. Additionally, unlike here—where Holy Cross signed the Agreement being challenged as illegal—the plaintiff in *Perma* was not a party to the agreement it was challenging under Section 1 of the Sherman Act. *Perma*, 392 U.S. at 135 ("Their complaint charged that Midas had entered into a conspiracy with the other named defendants—its parent corporation International Parts Corp., two other subsidiaries, and six individual defendants who were officers or agents of the corporations—to restrain and substantially lessen competition in violation of [section] 1 of the Sherman Act."). *Perma* thus stands for the unremarkable proposition that courts cannot "deny[] recovery to injured parties merely because they have participated to the extent of utilizing illegal arrangements [sic] **formulated and carried out by others**." *Id.* at 139 (emphasis added). But Holy Cross was an active participant in the allegedly illegal agreement at issue here because it negotiated and signed the Agreement with NAPA and thus consented to a reciprocal Non-Solicitation Provision that applied to both NAPA and Holy Cross for the duration of the Agreement and one year thereafter. If Holy Cross's theory of antitrust liability were true (and it is not), the cases cited by Holy Cross show that it would be a co-conspirator, rather than a victim, of the allegedly illegal Agreement. *See* Resp. 11 (citing cases discussing the liability of co-conspirators).

*Second*, Holy Cross's appeal to price-fixing claims falls flat. *See* Resp. 8, 14. At the outset, this is not a price-fixing case under Section 1 of the Sherman Act and thus Holy Cross's cases are inapposite. Further, in a price-fixing case, the victimized purchaser of widgets is not challenging as illegal the agreement that it signed with its seller of widgets; the purchaser is instead challenging

4

as illegal the separate conspiratorial agreement reached between its widget seller and other widget sellers to fix the price at which they will sell widgets to buyers like the victimized purchaser. The facts here are nothing like a price-fixing case. Holy Cross (the purchaser of anesthesia services) is challenging its Agreement with NAPA (the seller of anesthesia services), not some separate agreement between NAPA (as a seller of anesthesia services) and some other anesthesiology group like NAPA that also sells anesthesia services. Holy Cross's strained reliance on price-fixing cases cannot stand because it is challenging the contract that it signed with NAPA. *See supra*.

*Third*, Holy Cross likewise cannot rely on tying cases to manufacture standing. Resp. 7–9, 10. Holy Cross is not asserting a tying claim against NAPA, and the cases that it cites address merits issues, rather than standing issues. As the Eleventh Circuit has held, "standing 'in no way depends on the merits' of the plaintiff's claim." *W. Virginia by & through Morrisey v. U.S. Dep't of the Treasury*, 59 F.4th 1124, 1135 (11th Cir. 2023) (citing *Warth v. Seldin*, 422 U.S. 490, 500, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). Additionally, just because a case addressed the merits of a plaintiff's claim does not mean that the plaintiff had standing to assert that claim. *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011) ("When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed."); *Hagans v. Lavine*, 415 U.S. 528, 535, n.5 (1974) ("[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us."). Based on these principles, Holy Cross cannot ignore its lack of standing by citing cases addressing the merits of tying claims, especially when Holy Cross is not even asserting a tying claim. Holy Cross must establish—separately and specifically—that it has standing to seek monetary damages for its antitrust claims, and it has not done so.

*Fourth*, Holy Cross's reliance on *Gulf States Reorganization Group, Inc. v. Nucor Corp.*, 466 F.3d 961 (11th Cir. 2006), is similarly misplaced. Resp. 6. At the outset, NAPA is not arguing that its conduct must be "the exclusive cause of [Holy Cross]'s injury." *Gulf States*, 466 F.3d at 965. Further, *Gulf States* does not even address a situation, like the one here, where a plaintiff signed the contract that is alleged to violate the antitrust laws. Simply put, Holy Cross signed the Agreement and any injury allegedly resulting from it is "entirely self-caused." *Id.* at 966.

* * * * * * * * * *

For the foregoing reasons, the Court should dismiss for lack of standing Holy Cross's claims for monetary damages under both the Sherman Act and the Florida Antitrust Act. Contrary to governing law, Holy Cross mixes and matches its claims for relief to try to manufacture standing when none exists. Holy Cross's alleged damages for its antitrust claims are neither traceable to the Non-Solicitation Provision or the Non-Compete Provision, nor would they be redressed by the relief that Holy Cross seeks here. Additionally, Holy Cross is improperly relying on merits-based decisions addressing claims like price fixing and tying that are not at issue here. Analyzed properly, Holy Cross's inapposite cases addressing merits issues cannot establish the constitutional standing required for Holy Cross to recover any monetary damages on its antitrust claims. Accordingly, the Court should grant NAPA's Motion and award NAPA all relief to which it is entitled.

Dated: August 1, 2024.                                    Respectfully submitted,

By:  /s/ *Jennifer Lada*
Jennifer Lada, Esq.
Florida Bar No. 119247
W. Scott O'Connell, Esq.
(admitted Pro Hac Vice)
Marc L. Antonecchia, Esq.
(admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, NY 10019
Telephone: 212.513.3200
jennifer.lada@hklaw.com
scott.oconnell@hklaw.com
marc.antonecchia@hklaw.com

William M. Katz, Jr., Esq.
(admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
One Arts Plaza, 1722 Routh Street
Dallas, TX 75201
Telephone: 214.969.1330
william.katz@hklaw.com

Taariq M. Lewis, Esq.
Florida Bar No. 1031385
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
taariq.lewis@hklaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on this 1st day of August, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

  *s/ Jennifer Lada*
Jennifer Lada